John D. Bennett, S.
This is a motion for summary judgment. In this proceeding the petitioners as the only distributees pray for a decree awarding letters of administration and to adjudicate that certain sheets of paper-writings do not constitute a will or testament of the decedent. Those sheets have been filed with the court as exhibits.
r’Phe respondent's served with citation are two persons not related to the decedent but mentioned by name in the papers so exhibited. One of them, Reverend Thomas Smith, has not appeared. The other respondent, Owen F. Trainor, has appeared by attorney and filed objections opposing the denial of probate. His answer affirmatively alleges that the decedent died testate and that Mr. Trainor (hereinafter called the objectant) is a “ legatee named in the Last Will and Testament * * * on page 2 thereof, as beneficiary ”. He further prays that it be admitted to probate.
The objectant, thereupon being considered as offering said exhibits for probate, his request was granted for an examination under SCPA 1404 of the two persons whose signatures and addresses appear on one of the sheets of paper next to the signature of the decedent. This examination has been completed and the transcript is quite lengthy and exhaustive, consisting of 70 pages.
The petitioners now move for summary judgment on the deposition of the said witnesses and on the basis of the afore-mentioned exhibits. The objectant, in opposition to this motion, contends that such depositions are not binding and submits his own attorney’s affidavit which consists principally of quotations from an examination before trial of the petitioners and criticisms of opposing counsel. While it contains many assertions of allegedly suspicious circumstances, it does not present any facts to controvert or contradict the witnesses’ testimony.
*449 The physical appearance of the exhibits and the wording thereof are most significant. They consist of six sheets of paper a little smaller than six inches wide by eight inches long, unruled and filled with handwriting which was identified as that of the decedent. This is in blue ink on one side of each sheet except that one sheet is written on both sides and another has, on the opposite side, two lines of red ink writing and one of blue ink. There also appears to have been pasted or glued onto the bottom of one sheet (which is all but filled with writing on both sides) an extra sheet or “ tab ” of paper about two and one-half inches from top to bottom and slightly narrower from side to side than the full sheet. Thisf 1 tab ” was obviously cut off at the top from a larger sheet of paper and shows that there had been additional writing above it, now removed. On the “ tab ” itself are the handwritten words “ Signed: A. Gertrude Healy” and below that appears: ‘ ‘ Dec. 31, ’62,115 Wynsum Ave., Merrick, N. Y. ’ ’, then the word “ witness ” appears twice, along with the signatures and addresses of the witnesses who were examined under SOPA 1404. Another of the sheets bears two dates “ Dec. 31, 1962 ” and “ Oct. 25,1967 ”. Immediately below such dates are written the words, “ Last will of A. Gertrude Healy ”, followed by the notation “My assets consist of: ”. After this is a list of assets. The wording on these papers combines testamentary directions along with lists of assets, funeral, burial and other instructions plus “ Information for Executor of Estate ”.
The signature of the decedent and the signatures of the witnesses on the separate “ tab ” obviously had been cut off and physically detached from another sheet of paper. It clearly shows that there had been some writing above the signatures. This “ tab ” does not match up with any of the six sheets, and the sheet from which it comes has apparently been discarded or lost. The paper-writings and “tab” were allegedly found ■among the decedent’s possessions. At this time it is unknown whether the “ tab ” containing the signatures had been removed from the missing sheet (or sheets) of paper by the decedent herself or whether it had been removed by someone else. The papers submitted as exhibits, however, cannot by any stretch of reasoning or imagination, either singly or in combination, be held to be a will within the statutory meaning. Not only the physical appearance but the testimony of the subscribing witnesses is determinative on that issue.
Matter of Pascal (309 N. Y. 108) is authority for the availability and remedy of summary judgment in this court. (See, also, Matter of King, 16 A D 2d 614; Matter of Stiebing, 206 N. Y. S. 2d 836.) Although seldom granted in a probate pro *450 ceeding, the court deems this an appropriate situation for affording such relief on the basis of the real evidence, to wit, paper-writings themselves which appear to have been in the possession of the decedent. The bank officer, one of the attesting witnesses and clearly disinterested and impartial, testified that the instrument which had been signed and witnessed was left with the decedent. Both attesting witnesses stated unequivocally under oath that, when the decedent and they affixed their respective signatures to the 8 5 tab 5 it was not glued as it now is to another sheet of paper. Although they did not remember some of the details, they were definite and certain that they would have remembered if their signatures had been affixed to a 65 tab ” glued onto another sheet; in other words, at the time of attesting to the decedent’s will, the signatures were placed on “ one whole sheet of paper ”, not attached to another as in its present form (testimony of Evelyn ¡Smith and Boy O. Applegate of June 16,1969).
Along with this motion for summary judgment, counsel for the objeetant has presented other questions for determination concerning the procedural aspects of the case up to this time. It appears that the examination of the subscribing witnesses was completed hut other investigatory examinations were being conducted. A lengthy and exhaustive examination of one of the petitioners was conducted on June 16, 1969 and adjourned sine die until such time as a transcript could he prepared and submitted to the court for rulings. Counsel for the petitioners refused to permit the examination to continue on the ground that it was going too far afield and should be limited to the question of admissibility to probate of the exhibits above mentioned.
Counsel for the objeetant contends that it is his right in this proceeding to conduct what is in effect “ a fishing expedition ”, that he has a right to examine not only the petitioners but also their attorney and any other possible witnesses, including the decedent’s former housekeeper, in an effort to discover whether there is a lost or destroyed will, particularly the portion which presumably had been physically severed from the 16 tab ’ In short, he contends that under SCPA 1401 and 1407 he has the right in this proceeding and consequently at the expense of this estate, to carry on such exhaustive investigations and questioning. With this contention, the court does not agree.
The court finds that the objeetant in this ease has taken undue advantage of the privilege accorded him. He is entitled to such unbridled latitude only by complying with SCPA 1401 which is *451 the discovery proceeding formerly available under the old ¡Surrogate’s Court Act (§ 138).
It is noted that the answer (objections) now filed in effect offer the present exhibits for probate as the last will and testament of the decedent but there is no allegation of facts to satisfy the court under SCPA 1401 6 £ that there is reasonable ground to believe that any person has knowledge of the whereabouts or destruction of a will ”, In the interest of fairness and orderly procedure to complete the pending proceeding, the two petitioners are directed to appear before the court and testify on October 1,1969 at 10:80 a.m. concerning the circumstances under which the exhibits filed were discovered and their knowledge, if any, regarding the missing upper portion of the ££ tab ” attached to objeetant’s Exhibit 1, identified at page 16 of the testimony taken under SCPA 1404. Petitioners’ attorney shall also be asked at that time to state on the record what information he may have regarding that exhibit and £ 1 tab ’ ’. He may also be examined before the court on that subject.
If the date fixed for such examinations is not reasonably satisfactory to either counsel, it will be changed on application to the court at least two days before, unless agreement is reached thereon and the court is notified in writing by both counsel If the court finds and determines that there is no reasonable ground to believe that any such person has knowledge of the whereabouts or destruction of the missing portion or portions of the<£ tab ”, the motion for summary judgment shall be granted and a decree shall be made adjudging that the exhibits filed are not a will or testament of the decedent and letters of administration shall be issued.
This ■ decision is made without prejudice to the right of objectant or any other person who may qualify to initiate a proceeding under SCPA 1401. Proceed accordingly.